UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Guillermo ORTIZ | ) | INS No. A 36-725-656 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (TEMPORARY RESTRAINING ORDER)** |
| | ) | |
| Michael CHERTOFF, in his Official Capacity, Secretary Department of Homeland Security | ) | |
| | ) | |
| Michael MUKASEY, in his Official Capacity, Attorney General Department of Justice | ) | |
| | ) | |
| Warden James SCHOMIG, Eloy Detention Center, CCA | ) | |
| | ) | |
| Respondents. | ) | |

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (TRO)**

Petitioner Guillermo ORTIZ ("Petitioner"), by and through his undersigned counsels, hereby petitions this Court for a writ of habeas corpus to review the lawfulness of his detention by the Department of Homeland Security. Petitioner also files this action for declaratory and injunctive relief (temporary restraining order), requesting that the Court find that he is being detained in violation of federal law and the Due Process Clause of the Fifth Amendment. Mr. Ortiz's detention is based on an unwarranted and unreasonable interpretation of 8 U.S.C. §1226(c). The Immigration and Customs Enforcement Division of the Department of Homeland Security ("ICE") is holding Mr. Ortiz in mandatory detention merely because he was arrested for a DUI. He was subsequently sentenced to 10 days in Maricopa county jail. This conviction is not a Crime Involving Moral Turpitude and does not trigger mandatory detention under INA § 236 (c) and is not even a deportable offense.

**INTRODUCTION**

1. In September of 1996, Congress enacted a major overhaul of the immigration laws through the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Among the new sections added were the so-called "mandatory detention provision," 8 U.S.C. §1226(c), which imposed mandatory detention upon aliens convicted of certain enumerated crimes who were released from

Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

The mandatory detention provides, in relevant part, as (c) Detention of criminal aliens.

(1) Custody. The Attorney General shall take into custody any alien who--

> (A) is inadmissible by reason of having committed **any offense** covered in section 212(a)(2),
>
> (B) is deportable by reason of having committed **any offense** covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D),
>
> (C) is deportable under section 237(a)(2)(A)(i) on the basis of **an offense** for which the alien has been sentence to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 212(a)(3)(B) or deportable under section 237(a)(4)(B),

**when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again **for the same offense**.

8 U.S.C. §1226(c) (internal citations omitted) (emphasis added).

At the same time it passed IIRIRA, Congress enacted a provision authorizing Congress to delay implementation of the mandatory detention provision for an additional one or two year period, after which time "the provisions of such [8 U.S.C. §1226(c)] shall apply to individuals released after such periods." IIRIRA Section 303(b)(2). Because the Attorney General requested a two-year delay of the enactment of INA § 236 as permitted by IIRIRA § 303(b), the period between 1996 and October 8, 1998 was governed by the Transition Period Custody Rules ("TPCR") outlined in IIRIRA § 303(c).

In Matter of Adeniji, 22 I&N Dec. 1102 (BIA 1999), the Board of Immigration Appeals construed these two provisions, 8 U.S.C. §1226(c) and IIRIRA Section 303(b)(2), and held that mandatory detention applies only to individuals who were "released" from custody after October 8, 1998, the date on which 8 U.S.C. §1226(c) took effect.

Respondents previously applied 8 U.S.C. §1226(c) only to individuals who had been convicted of committing a crime enumerated in 8 U.S.C. §1226(c) as warranting mandatory detention (an "Enumerated Offense") and released from custody for that offense after October 1998.

More recently, however, the Department of Homeland Security ("DHS") and Department of Justice ("DOJ") have asserted that 8 U.S.C. §1226(c) applies to *any* release from custody, including a release associated with a charge for an offense that is not an Enumerated Offense. This construction of the statute, upon which Mr. Ortiz is currently being detained, is contrary to the statute's plain meaning and legislative history.

The mandatory detention provision of 8 USC §1226(c), INA §236 (c) should not be retroactively

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

release in September 2008 from Lower Buckeye Maricopa [County jail] that has no connection to any other offenses prior to October 9, 1998.

Mr. Ortiz's 2008 offense does not meet any of the elements that trigger mandatory detention under INA § 236(c) because it is not:

> An offense covered under INA § 212 (a)(2), 8 U.S.C. § 1182 (a)(2), an offence involving 2 crimes of moral turpitude, an aggravated felony, a drug offense, a fire arm offense, a crime as described in INA § 237 (a)(2)(D) or is a CMT for which a sentence has been at least one year.

Therefore Mr. Ortiz' DUI conviction in 2008 does not trigger mandatory detention under INA § 236(c) and his release for this offense is not for an offense that is not related or arouse from any offence prior to October 9, 1998.

***Congress has not clearly expressed that § 236(c) applied to offenses that are in no way "related to, or that arised from" the release of offenses mentioned in the section where an alien was released before the IIRIRA provisions.***

Mr. Ortiz' DUI conviction in Arizona in 2008 is not related or arises from his 1990 prior offense for which he was released in 1993. Mr. Ortiz' release in 1993 excludes him from mandatory detention because the release was prior to enactment of the IIRIRA provisions, therefore the only offense in question is his DUI offense in 2008 which does not trigger mandatory detention because it is not an offense described under § 236(c). The question is whether the DUI offense can be used retroactively to trigger mandatory detention under § 236(c).

In *Saysana v. Gillen* the US District Court of Massachusetts holds that the BIA's interpretation of 8 USC §1226(c) was incorrect and agrees with the reasoning in <u>Thomas v. Hogan</u>, 2008 WL 4793739 (M.D. Pa. Oct. 31, 2008). These decisions mentioned are factually analogous to the underlying matter.

## JURISDICTION

2. This action arises under the Constitution, the Immigration & Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. §§1101 <u>et seq.</u>, and the Administrative Procedure Act (the "APA"), 5 U.S.C. §§701 <u>et seq.</u> This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §2241 <u>et seq.</u>; Art. I, §9, Cl. 2 of the United States Constitution (the "Suspension Clause"); and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 <u>et seq.</u>, and the All Writs Act, 28 U.S.C. §1651.

## VENUE

3. Venue is properly with this Court pursuant to 18 U.S.C. §1391(e) because the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the

Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

f the events or omissions giving rise to the claim occurred in ion to hold Petitioner in custody is under the jurisdiction of the District of Arizona office of Respondents; and because Petitioner resides in the District and there is no real property involved in this action. Venue is additionally proper in this Court pursuant to the Supreme Court's decision in <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493-94 (1973) (noting that "traditional venue considerations" for the purposes of a habeas petition under 28 U.S.C. §2241 include (1) the location where material events took place, where records and pertinent witness are likely to be found, (2) the convenience of the forum for respondent and petitioner; and (3) the familiarity of the court with the applicable laws).

## INTRADISTRICT ASSIGNMENT

4. The decision to hold Petitioner in custody is under control of the Phoenix office of Respondents. Therefore, assignment to the Phoenix Division of this Court is proper.

## PARTIES

5. Petitioner is a native of Mexico. He is currently in lawful permanent residence status. He is currently in custody in Eloy, Arizona. In September 2008 a United States Immigration Judge ("IJ") denied bond based on the assertion that he had no jurisdiction. The Board of Immigration Appeals affirmed this decision on December 19, 2008. Petitioner filed a subsequent request with the IJ based on the Massachusetts ruling in Saysana, overturning the BIA decision. December 23, 2008 Petitioner was refused a new bond redetermination hearing by the IJ.

6. Respondent Michael CHERTOFF is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has responsibility for the administration and enforcement of the immigration laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. 296, 116 Stat. 2135 (Nov. 25, 2002). <u>See</u> <u>also</u> <u>Armentero v. INS</u>, 340 F.3d 1058 (9th Cir. 2003).

7. Respondent Michael MUKASEY is sued in his official capacity as the Attorney General of the United States. He has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103, Immigration and Nationality Act ("INA") §103. As the Immigration and Nationality Act has not been amended to reflect the designation of the Secretary of the Department of Homeland Security as the administrator and enforcer of immigration laws, Respondent MUKASEY is sued in his official capacity to the extent that 8 U.S.C. §1102 gives him the authority to detain Petitioner. <u>Armentero v. INS</u>, 340 F.3d 1058 (9th Cir. 2003).

8. Respondent James SCHOMIG is sued in his official capacity of Warden of Eloy Detention Center. The Warden maintains to have physical custody of the Petitioner.

## FACTS

9. Petitioner Guillermo Ortiz has been a Legal Permanent Resident of the United States since December 11, 1980.


Your complimentary use period has ended. Thank you for using PDF Complete.
Click Here to upgrade to Unlimited Pages and Expanded Features

... es continuously since May 1970, since he was three months ...

11. Guillermo Ortiz has been married to Cynthia Ortiz, a United States Citizen, since August 5, 1988. They have two US citizen children together; one daughter named Christine Nicole Ortiz age 19 and a son, Guillermo Ortiz III age 17 who suffers from a significant cognitive disability (Mental retardation).

12. On May 13, 1991 Petitioner was convicted in the Superior Court of California in Los Angeles County for the offense of Robbery in the 2nd degree with an enhancement of California Penal Code (C.P.C.) Section 12022.5(a), in violation of C.P.C. Section 211 for which he was sentenced to 5 years. Respondent served 2.5 years of his 5 year sentence. He is charged with being removable on the basis of having been convicted of an aggravated felony, 8 U.S.C. §1227(a)(2)(iii).

13. On August 22, 2008 Petitioner was charged and convicted under A.R.S. Section 28-1382A. He was subsequently sentenced to 10 days in Maricopa county jail. This conviction is not a Crime Involving Moral Turpitude and does not trigger mandatory detention under INA § 236 (c) and is not even a deportable offense.

14. In two separate decisions, the immigration judge has erred as a matter of law when he failed to exercise jurisdiction over Petitioner's custody conditions. INA § 236(c) should not be retroactively applied to Petitioner because his release in 2008 from the Maricopa County jail is a release from an offense that has no connection to any other offense prior to October 9, 1998. Petitioner's 2008 offense does not meet any of the elements that trigger mandatory detention under INA § 236(c).

15. Petitioner has filed several forms of relief, including a waiver under INA Section 212(c) and Adjustment of Status pursuant to INA Section 245, based on marriage to a US Citizen. ICE has conceded that he is eligible to (re-) adjust status with a 212(c) waiver.

16. Petitioner remains in ICE custody. Petitioner is scheduled for a Master Calendar removal hearing in Eloy on February 19, 2009.

## IRREPARABLE HARM

17. Mr. Ortiz suffers irreparable harm each day he is incarcerated at Eloy, Arizona. Mr. Ortiz is deprived liberty, separated from his family and not being able to provide for his family. His US citizen children are suffering irreparable harm in addition. Without this Honorable Court's intervention, and individual who has lived in the United States since 1970 and who is a positive contributor to society and who most likely will prevail on the merits in this matter could remain unnecessarily detained in what is essentially a maximum security facility for many months to come.

## CAUSES OF ACTION
## COUNT ONE (SUBSTANTIVE DUE PROCESS)

18. The allegations contained in paragraphs 1 through 17 above are repeated and re-alleged as though fully set forth herein.

19. All persons residing in the United States are protected by the Due Process Clause of the Fifth Amendment. See <u>Zadvydas v. Davis</u>, 121 S. Ct. 2491, 2500-01 (2001); <u>Plyler v. Doe</u>, 457 U.S. 202,


Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

(1976); Yamataya v. Fisher, 189 U.S. 86 (1903).

Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). This vital liberty interest is at stake when an individual is subject to detention by the former INS, now ICE. See Zadvydas, 121 S. Ct. at 2498 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem"); Kiareldeen v. Reno, 71 F. Supp. 2d 402, 409-10 (D.N.J. 1999) (in analyzing due process in the immigration context, that the first factor in the procedural due process analysis, "the petitioner's private interest in his physical liberty, must be accorded the utmost weight").

21. The substantive Due Process requirement of the Fifth Amendment prohibits "the government from infringing on certain fundamental rights at all . . . unless narrowly tailored to serve a compelling government interest." See Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439 (1993); Collins v. Harker Heights, 503 U.S. 115, 125 (1992). There is no question that freedom from physical restraint is a fundamental liberty interest. See Reno v. Flores, 507 U.S. at 302. Because a fundamental right is implicated, the government must prove that the provision at issue is narrowly tailored to meet a compelling governmental interest. Reno v. Flores, 507 U.S. at 301-02.

22. The conviction of Extreme DUI pursuant to A.R.S. Section 28-1382A is not a deportable offense and could not, by itself, result in any form of immigration detention. Petitioner's conviction under A.R.S. Section 28-1382A is not charged on the Notice to Appear issued to the Petitioner on September 3, 2008. As held in *Thomas v. Hogan*, 2008 U.S. Dist. LEXIS 88169, since the conviction is not included in the NTA and has absolutely no bearing on the removal proceedings Respondent consequently is not subject to the mandatory detention provision. Thus, continued detention at this point under the regulation violates Petitioner's due process rights. See also Ashley v. Ridge, __ F. Supp. 2d __ 2003 U.S. Dist. LEXIS 19335 *15 ( D. N. J. Oct. 29, 2003); Uritsky v. Ridge, __ F. Supp. 2d __ 2003 U.S. Dist. LEXIS 17698 *15 (E.D. Mich. Sept. 29, 2003); Bezmen v. Ashcroft, 245 F. Supp. 2d 446, 450 (D. Conn. 2003).

23. In the *Matter of Houng Saysana*, the BIA decided that the language in 236 (c)(1)(A)-(D) is more reasonably read to define the word "release" in § 236(c) to mean the release from any offense, even for those offenses committed after the IIRIRA provisions of INA 236 (c) TPCR date of October 9, 1998, do not limit § 236(c) from including offenses that are not in any way "related to, or that arise[s] from" the offenses mentioned in § 236(c). *Matter of Houng Saysana*, 24 I&N Dec. 602 (BIA 2008) was the sole basis for the decision in a bond matter on September 15, 2008 by the Immigration Judge. In *Houng Saysana v. Brian Gillen*, the US District Court of Massachusetts has overturned the BIA decision on December 1, 2008 and has granted the writ of habeas corpus. *Saysana* is no longer controlling. The Federal Courts in various decisions have held that "the government's interpretation is unreasonable", Hy v. Gillen, US District Court, Massachusetts, p.9 (12/03/2008).

## COUNT TWO (PROCEDURAL DUE PROCESS)

24. The allegations contained in paragraphs 1 through 22 above are repeated and re-alleged as though fully set forth herein.

25. The procedural Due Process requirement of the Fifth Amendment entitles a person to be heard at



Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

manner before a deprivation of liberty occurs. <u>Mathews v.</u> ... he process that is due depends upon the private interest affected by the official action, the risk of erroneous deprivation of the interest, the value (if any) of additional or substitute procedural safeguards, and the government's interest, including fiscal and administrative burdens that additional or substitute procedural requirements would impose. <u>Mathews</u>, 424 U.S. at 335; <u>cf.</u> <u>Kiareldeen</u>, 71 F. Supp. 2d at 413–14 (discussing use of secret evidence in immigration bond proceedings).

26. Procedural due process here requires a custody hearing before an independent and impartial adjudicator, not just an ICE employee. <u>See</u> <u>Marcello v. Bonds</u>; 39 U.S. 302, 307, 75 S.Ct. 757 (1955); <u>Morrisey v. Brewer</u>, 408 U.S. 471, 486-7, 92 S. Ct. 2593 (1972); <u>United States v. Garcia-Martinez</u>, 228 F.3d 956, 961 (9th Cir. 2000); <u>Castro-Cortez v. INS</u>, 239 F.3d 1037 (9th Cir. 2001); <u>Cabreja-Rojas v. Reno</u>, 999 F. Supp. 493, 496–97 (S.D.N.Y. 1998); <u>St. John v. McElroy</u>, 917 F. Supp. at 249–51; <u>Ekekhor v. Aljets</u>, 979 F.Supp. 640 (N.D. Ill. 1997); <u>cf.</u> <u>Kiareldeen</u>, 71 F. Supp. 2d at 418–19 ("access to a neutral judge [is] one of the -most basic of due process protections'") (quoting <u>Marincas v. Lewis</u>, 92 F.3d 195, 203 (3d Cir. 1996)).

27. Here, the private interest affected by the statute is of the highest importance, namely, a fundamental liberty interest in being free from physical restraint. Second, the risk of erroneous deprivation of liberty is great in light of the fact that Petitioner should be determined not to be subject to mandatory detention under INA §236(c), 8 U.S.C. §1226(c), and several District Court have held in analogous matters that a Petitioner should be released on bond.

## COUNT THREE (REGULATION IS ULTRA VIRES)

28. The allegations contained in paragraphs 1 through 27 above are repeated and re-alleged as though fully set forth herein.

29. Mr. Ortiz seeks a writ of habeas corpus and release from custody. He claims that persons, such as himself, who were released from custody for an offense described in 8 U.S.C. §1226(c)(1) prior to the expiration of the Transitional Period Custody Rules ("TPCR") on October 8, 1998, and who have not been convicted or otherwise rendered removable since that date for any offense included in 8 U.S.C. §1226(c)(1), are not subject to detention under that section. Respondents' contrary interpretation violates 8 U.S.C. §1226(c)(1), Sec. 303(b)(3) of IIRIRA, and the Administrative Procedures Act.

PRAYER FOR RELIEF

**WHEREFORE**, Petitioner prays that this Court grant the following relief:

(1) Order the immediate release of Petitioner within 7 days; or in the alternative:

(2) Issue an Order declaring that Petitioner's detention by Respondents is contrary to law and unconstitutional;

(3) Issue an Order that ICE release Petitioner pursuant to the terms set forth by the Immigration Judge in his decision;

(4) Issue an Order that Respondents' unreasonable interpretation of the automatic detention provision violates due process;

(5) Issue an Order that Respondents' contrary interpretation violates 8 U.S.C. §1226(c)(1), Sec.

Your complimentary use period has ended. Thank you for using PDF Complete.

Click Here to upgrade to Unlimited Pages and Expanded Features

Administrative Procedures Act; and,

costs and fees, including attorney's fees.

(7) Grant any other and further relief that this Court may deem fit and proper.

January 6, 2009

Respectfully submitted,

**Maurice Henri Goldman**
Attorney for the plaintiff