**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Guillermo Ortiz,
Petitioner,
vs.
Janet Napolitano, et al.,
Respondents.

No. CV 009-0045-PHX-MHM

**ORDER**

Petitioner Guillermo Ortiz filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 8, 2009. (Dkt. # 1). The matter was referred to United States Magistrate Judge Lawrence O. Anderson, who issued a Report and Recommendation on June 24, 2009, recommending that the Court grant Mr. Ortiz's Petition for Writ of Habeas Corpus. (Dkt.#16 at 14) Judge Anderson further recommended that the Court order an Immigration Judge to provide Mr. Ortiz with an individualized bond hearing within 10 days of its Order. (Dkt.#16 at 14) The Government filed an objection to the Report and Recommendation on July 17, 2009. (Dkt. #22). Petitioner filed a Reply to the Government's Objections on July 21, 2009. (Dkt.#20)

## I. BACKGROUND

The relevant facts in this case, as relayed by Magistrate Judge Anderson, are essentially undisputed. (Dkt. #16 at 3-5). On or about December 10, 1980, Petitioner, a native citizen of Mexico, entered the United States at El Paso, Texas and obtained lawful

permanent resident status. (Dkt.#1 at 4) He has been married to a United States citizen since August 5, 1988 and has two children who are U.S. citizens. (Dkt.#1 at 5) His youngest child suffers from mental retardation. (Dkt.#1 at 5)

On May 13, 1991, nearly seven years before the mandatory detention provision went into effect, Petitioner was convicted in the Superior Court of California, Los Angeles County, of the following offenses: (1) Robbery in the Second Degree, in violation of California Penal Code § 211, with an enhancement for § 12022.5(a), use of a firearm, and (2) for Attempted Robbery in the Second Degree in violation of § 664 and § 211 of the California Penal Code, with an enhancement for § 12022.5(a), use of a firearm. (Respondents' Exh. 2) Petitioner was sentenced to two years of imprisonment for the robbery conviction and to an additional 3 years for the enhancement. (Dkt.#1 at 5) Petitioner served 2.5 years of his 5 year sentence, and completed his sentence in 1993, well before the effective date of the mandatory detention provision. (Dkt.#1 at 5; Respondents' Exh. 6 at 2)

On August 22, 2008, Petitioner was arrested by the Maricopa County Sheriff for Extreme DUI – BAC of .15 or more. He was subsequently convicted of violating A.R.S. § 28-1382A and was sentenced to ten days in the Maricopa County Jail (Dkt.#1 at 5; Respondents' Exhs. 3, 5). He was released on August 31, 2008, and was taken into custody by Immigrations and Customs Enforcement ("ICE"). (Respondents' Exhs. 3, 5) On or about September 1, 2008, the Government served Petitioner a Notice of Custody Determination, Form I-286, holding him without bond, and subject to mandatory detention pursuant to 7 U.S.C. § 1226(c). (Respondents' Exh. 5)

On September 3, 2008, Petitioner was charged with removability, based on his 1991 second degree robbery conviction. Specifically, on September 3, 2008, a Notice to Appear ("NTA") was issued charging Petitioner as removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for having been convicted of an aggravated felony, as defined in INA § 101(a)(43)(F), in 1991. (Respondents' Exh. 4)

On September 15, 2008, the Government filed Additional Charges of Inadmissibility/Deportability, adding allegations that Petitioner's 1991 conviction was

enhanced based on his personal use of a firearm pursuant to California Penal Code § 12022.5(a), and adding a charge of removal pursuant to 8 U.S.C. § 1227(a)(2)(C), an alien "convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part or accessory which is a firearm or destructive device. . . ." (Respondents' Exh. 7)

Petitioner requested redetermination of his custody status pursuant to 8 C.F.R. § 1236.1(d). Accordingly, on September 15, 2008, Petitioner apppeared before an Immigration Judge ("IJ"). The IJ denied Petitioner's request for a change in custody status. The IJ explained that "because [Petitioner] stands convicted of an aggravated felony, he is subject to mandatory detention and the Court has no jurisdiction to redetermine his custody status. INA § 236(c)(1)(A); 8 C.F.R.§ 1003.19(h)(2)(i)(D)." (Respondents' Exh. 6)

On October 10, 2008, Petitioner appealed the September 15, 2008 decision to the Board of Immigration Appeals ("BIA"). (Respondents' Exhs. 8, 9) On December 19, 2008, the BIA summarily affirmed the IJ's bond decision. (Respondents' Exh. 11) On January 8, 2009, Petitioner filed a motion for reconsideration and a request for review by a three judge panel. (Respondents' Exh. 12) On January 21, 2009, the Government responded. (Respondents' Exh. 13) On March 11, 2009 the BIA denied Petitioner's Motion to Reconsider. (Dkt.#19-2 at 9 [Respondents' Exh.16])

## II. STANDARD OF REVIEW

A district court must review *de novo* the legal analysis in a United States Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). A district court must also review *de novo* the factual analysis in the Report and Recommendation for those facts to which objections are filed. See id. ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Failure to object to a magistrate judge's recommendation waives all

objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## III. DISCUSSION

As explained by Magistrate Judge Anderson, "the mandatory detention provision of 8 U.S.C. § 1226(c) does not apply to Petitioner because he was released from custody for the removable offense well before the effective date of the mandatory detention provision." Judge Anderson cites to at least ten district court cases that support his interpretation of this statute.

The Government objects to Judge Anderson's recommendation by arguing that 8 U.S.C. § 1226(c) is ambiguous and that because of its ambiguity, the Board of Immigration Appeals' interpretation of the statute is entitled to Chevron deference because the Board's interpretation of the statute is reasonable. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984).

Section 1226(c) requires the mandatory detention of certain criminal aliens and provides that

> (c) Detention of criminal aliens
>
> (1) Custody. The Attorney General shall take into custody any alien who –
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B),©, or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least one year, or
>
> (D) is inadmissible under section 1182(A)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)

First, Magistrate Judge Anderson already addressed this issue in his Report and Recommendation, stating that "the plain language of the statute is unambiguous and manifests Congress' clear intent that there must be a nexus between the date of release and the removable offense." (Dkt.#16 at 10) (quoting Garcia v. Shanahan, ___ F.Supp.2d ___, 2009 WL 1395837 at *6 (S.D.N.Y. May 1, 2009)).

This Court's *de novo* review of statute reveals that it clearly does not apply to individuals who were released from custody for a removable offense before the effective date of the mandatory detention provision. Although this statute was enacted on September 30, 1996, implementation of the mandatory detention provision was deferred for two years, until October 9, 1998. See Thomas v. Hogan, 2008 WL 4793739 at *1 (M.D. Pa. October 31, 2008) (discussing history of § 1226(c)). The two-year delay between passage of § 1226(c) and its enforcement suggests that Congress did not intend this statute to apply to offenses committed before October 9, 1998, the date of its enforcement

Here, the offense that the Government claims qualifies Mr. Ortiz for mandatory detention occurred in 1991, long before the date of this statute's effectiveness (October 8, 1998). The Government argues that Mr. Ortiz's unrelated 2008 DUI offense (which would not qualify for mandatory detention) somehow qualifies Mr. Ortiz for mandatory detention because after the 2008 DUI offense, he was "released from custody." The Government argues that the statute does not expressly state whether the "release" under § 1226(c) must be tied to the basis for detention under subsections (A)-(D).

However, as the Magistrate Judge explained, every District Court that has considered this issue has found that the mandatory detention provision does not apply to individuals who were released from custody for the removable offense well before the effective date of the mandatory detention provision. See, e.g., Pastor-Camarena v. Smith, 977 F.Supp. 1415, 1417 (W.D. Wash. 1997) (holding that "[t]he plain meaning of ['when the alien is released'] is that it applies immediately after release from incarceration, not to aliens released many year [sic] earlier."). The Government's Objection never squarely addresses the numerous district court cases cited by the Magistrate Judge and instead argues that this Court should

defer to the interpretation of the Board of Immigration Appeals as applied in Matter of Saysana, 24 I. & N. Dec. 602, 2008 WL 3978211 (BIA Aug. 27, 2008). In this case, the BIA considered whether the "release" from custody "must be directly tied to the basis for detention under [section 1226(c)]. However, under Chevron, the Court need not even reach the question of whether to defer to an agency's interpretation of a statute unless the statutory language is unclear. Here, this Court agrees with Magistrate Judge Anderson and the many other district courts which have considered this issue and concludes that the statute clearly requires a nexus between the deportable offense and the release from custody.

Because of this required nexus, which did not exist here, the Court agrees with the Magistrate Judge's report and finds that Petitioner's Petition for Writ of Habeas Corpus should be granted.

**Accordingly,**

**IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and Recommendation. (Dkt. #21).

**IT IS FURTHER ORDERED** granting Petitioner's Petition for Writ of Habeas Corpus. (Dkt. #1).

**IT IS FURTHER ORDERED** directing an Immigration Judge to provide Petitioner with an individualized bond hearing within 10 days of the date of this Order.[1]

/ / /

[1] Given that 8 U.S.C. § 1226(a) would apply even if § 1226(c) does not, the proper remedy is a hearing rather than immediate release.

**IT IS FURTHERED ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 19th day of October, 2009.

Mary H. Murguia
United States District Judge